Larry J. ALLBRITTON, Appellant

v.

GILLESPIE, ROZEN, TANNER & WATSKY, P.C., Gillespie, Rozen & Watsky, P.C., David K. Watsky, and Hal K. Gillespie, Appellees.

No. 05–04–00132–CV.

Court of Appeals of Texas, Dallas.

Dec. 6, 2005.

Rehearing Overruled Dec. 16, 2005.

David W. Shuford, Shuford & Associates, Dallas, for Appellant.

Richard L. Smith, Quilling, Selander, Cummiskey & Lownds, P.C., Dallas, for Appellee.

Before Justices WRIGHT, FITZGERALD, and LANG–MIERS.

## OPINION ON MOTION
## FOR REHEARING

Opinion by Justice WRIGHT.

Before the Court is appellees' motion for rehearing. We deny appellees' motion for rehearing. On the Court's own motion, we withdraw our opinion dated March 4, 2005 and vacate our judgment of that date. This is now the opinion of the Court.

Larry J. Allbritton appeals from a summary judgment in his legal malpractice action. In two points of error, Allbritton asserts the trial court erred in sustaining

appellees' objections to his expert affidavits and in granting summary judgment. We sustain Allbritton's points of error and reverse the trial court's judgment and remand this case to the trial court for proceedings consistent with this opinion.

## Background

Appellees represented appellant Allbritton and Doug Barnette in a breach of contract suit against their employer. In preparation for the trial, appellees instructed Allbritton and Barnette to calculate their own damages. Barnette has a financial background. Allbritton's background is in theology. At trial, Allbritton and Barnette each testified as to his damages. The jury found that their employer had breached both Allbritton's and Barnette's contracts. Although the jury awarded in excess of $4,000,000 in damages to Barnette, it awarded zero damages to Allbritton.

Allbritton filed this legal malpractice lawsuit against his attorneys. He claimed appellees failed to properly prepare the case for the proper presentation of damages. Allbritton claimed appellees were negligent in failing to hire an expert on damages because Allbritton had no financial background or knowledge of the method for calculating damages.

Appellees filed a traditional and no-evidence motion for summary judgment. Appellees alleged there was no evidence that their alleged negligence was the proximate cause of Allbritton's alleged damages. In response, Allbritton submitted the affidavits of Michael Jones, an attorney, and Sam Rhodes, a certified public accountant. Appellees moved to strike the Jones affidavit as conclusory. Appellees moved to strike Rhodes's affidavit on the grounds that it was conclusory and that he was not qualified to give expert testimony in a legal malpractice case. The trial court granted appellees' motion to strike the two affidavits as conclusory and granted their motion for summary judgment.

## Standard of Review

■ The standard of review in summary judgment is well-established. Tex.R. Civ. P. 166(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). In reviewing a traditional motion for summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgm't Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982).

A no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence raising a genuine question of fact. *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 683 (Tex.App.-Dallas 2000, no pet.). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *General Mills Rests., Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* at 833.

### Affidavits

A legal malpractice claim is based on negligence. *Cosgrove v. Grimes,* 774 S.W.2d 662, 665 (Tex.1989). The elements of a legal malpractice claim are (1) the attorney owed a duty to the plaintiff, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Id.*

Summary-judgment evidence must be presented in a form that would be admissible in a conventional trial proceeding. *See* Tex.R. Civ. P. 166a(f); *United Blood Servs. v. Longoria,* 938 S.W.2d 29, 30 (Tex.1997). We apply an abuse-of-discretion standard in reviewing whether a trial court erred in admitting or excluding evidence. *See City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995).

An expert witness's conclusory statement is insufficient to raise a question of fact to defeat summary judgment. *McIntyre v. Ramirez,* 109 S.W.3d 741, 749 (Tex.2003). An expert must be qualified and provide a reasoned basis for his opinion. *Burrow v. Arce,* 997 S.W.2d 229, 235 (Tex.1999). *Burrow* was a legal malpractice action stemming from the representation of plaintiffs in a class action lawsuit that ended in settlement. The expert for the defendant attorneys stated that he had reviewed all the relevant facts and concluded that the clients' settlements were fair and reasonable. *Burrow,* 997 S.W.2d at 235–36. The supreme court held the expert's affidavit was insufficient because he did not state the basis for his opinion. *Id.* The court characterized the expert's testimony as "Take my word for it, I know: the settlements were fair and reasonable." *Id.*

In another legal malpractice case, the appeals court considered three expert affidavits filed in support of the defendant attorneys' motion for summary judgment. *See Cuyler v. Minns,* 60 S.W.3d 209 (Tex. App.-Houston [14th Dist.] 2001, pet. denied). The court reviewed the first affidavit which merely stated that the defendant attorneys did a competent job in representing the plaintiff in the underlying lawsuit. Because the expert failed to provide the basis for his opinion, the court held it was conclusory. *Id.* at 215. The affidavit of the second expert, however, did set forth the basis for his conclusion that the defendant attorneys provided competent representation to the plaintiff. He stated the defendant attorneys introduced medical bills and called two medical experts to testify to the plaintiff's injuries. He also pointed out that the plaintiff's own credibility was an issue in the trial. The court concluded that this affidavit was sufficient. *Id.*

Appellees moved for summary judgment on the ground that Allbritton had no evidence that their alleged negligence was the proximate cause of his injuries. Allbritton's response to the motion for summary judgment included the affidavits of Michael Jones, an attorney, and Sam Rhodes, an accountant. Both Jones and Rhodes stated in their affidavits that appellees' negligence was the proximate cause of Allbritton's injuries. Appellees moved to strike the affidavits on the ground that they were conclusory. The trial court agreed and struck the statements regarding proximate cause from both affidavits.

The Jones affidavit states, in pertinent part, as follows:

6. Based upon my review of the documents set forth herein, it is my opinion that the Defendants were retained to represent Larry J. Allbritton in the Underlying Case; that the Defendants had a duty to Larry J. Allbritton in the Underlying Case; that the Defendants breached their duty; that

the Defendants were negligent in the representation of Larry J. Allbritton in the Underlying Case; and that the Defendants' negligence was the proximate cause of damages to Larry J. Allbritton for the following reasons:

f. The Defendants failed to properly prepare the case for presentation of Larry J. Allbritton's damages.

g. The Defendants failed to retain an expert to evaluate and testify as to the damages of Larry J. Allbritton in the Underlying Case.

h. In reaching the foregoing opinions, I have specifically reviewed the testimony of both Larry J. Allbritton and Doug Barnette as to damages in the Underlying Case . . . . (citations to reporter's record omitted).

7. Based upon my review, it is my opinion that in the Underlying Case a reasonable and prudent attorney would have retained an expert witness to both calculate and testify as to the damages incurred by Mr. Allbritton for the following reasons:

a. Mr. Allbritton did not have the background or education to calculate his damages or present testimony as to the methodology of calculating his damages.

b. The methodology used to calculate damages was not correct because it was not prepared in a manner consistent with the methodology used by qualified damages experts.

c. Mr. Allbritton was not informed that he should retain a qualified damages expert to present his damages.

In his affidavit, Jones lists the documents he reviewed, including the reporter's record in the underlying lawsuit and the depositions with exhibits from the present lawsuit. Jones concludes that ap-

pellees were negligent in failing to hire an expert to testify as to Allbritton's damages and that such negligence was the proximate cause of Albritton's damages. He provides a reasoned basis for his opinion and lists the documents reviewed in forming his opinion. He explains why an expert was needed on the issue of Allbritton's damages. We conclude Jones's affidavit is not conclusory and that the trial court abused its discretion in striking paragraph six of the affidavit.

Turning now to Rhodes's affidavit, the stricken paragraph of his affidavit states as follows:

5. Based upon my review of the documents set forth herein, it is my opinion that the Defendants' negligence was the proximate cause of damages to Larry J. Allbritton for the following reasons:

a. Mr. Allbritton did not have the background or education to calculate his damages or present competent testimony as to the methodology and calculation of his damages. The methodology was not consistent with what forensic analysis and experts would present to a court for the reasonableness of damages. Mr. Allbritton calculated his damages to be in excess of $7,000,000.00. A copy of my report properly presenting Mr. Allbritton's damages to be in the range of $1,115,000.00 to $1,381,000.00 is attached hereto.

b. The growth rate used by Mr. Allbritton was not reasonable.

c. The presentation of expenses was improper.

d. Mr. Allbritton did not present a net present value analysis.

e. Mr. Allbritton did not adjust his figures for factors, including his life

expectancy, his workforce expectancy, and if he would be employed. In his affidavit, Rhodes states that he has had over 28 years of experience working with attorneys in litigation matters, including legal malpractice lawsuits. Unlike Jones, Rhodes did not testify as to the standard of care for an attorney or whether the appellees breached that standard.

Like Jones in his affidavit, Rhodes listed the documents he had reviewed in preparing his affidavit. Rhodes explained the correct method for calculating damages and he prepared a report calculating Allbritton's damages using the correct methodology. His explanation of the proper method of calculating damages revealed that Albritton's testimony as to his own damages was riddled with serious errors. We conclude that Rhodes provides a reasoned basis for the statements in his affidavit and that it is not conclusory.

■ Appellees also moved to strike Rhodes's affidavit on the ground that he was not qualified to give expert testimony in a legal malpractice case. Appellees contend that only a lawyer may provide expert testimony in a legal malpractice case. However, sometimes in a legal malpractice case, an attorney's affidavit alone is not sufficient to establish causation. *See Rangel v. Lapin,* No. 01–03–00351–CV, 177 S.W.3d 17, 2005 WL 90942 (Tex.App.-Houston [1st Dist.] January 13, 2005, pet. denied) (not yet released for publication) (holding that expert testimony in the area of accident reconstruction was needed in addition to attorney's deposition testimony to defeat summary judgment in a legal malpractice case). Initially, we note that we have held that attorney Jones's affidavit constituted competent expert testimony on proximate cause. Jones's affidavit alone was sufficient to defeat appellees' motion for summary judgment.

Moreover, assuming without deciding that Rhodes's opinion as to proximate cause was properly excluded, we conclude the trial court erred in striking the entirety of paragraph five which set forth statements within his expertise. *See Roberts v. Davis,* 160 S.W.3d 256, 260 (Tex.App.-Texarkana 2005, pet. denied) (affidavit should not be stricken even if it contains an erroneous statement where sufficient facts remain in the affidavit to raise a fact question on issues in controversy). The issue in controversy is the presentation of Albritton's damages in the underlying lawsuit. Rhodes's affidavit raises a fact question on that issue and, therefore, the trial court abused its discretion in striking paragraph five of the affidavit.

We conclude the trial court erred in striking the affidavits of Jones and Rhodes and in entering summary judgment for appellees. We sustain Allbritton's two points of error.

We reverse the trial court's judgment and remand this cause to the trial court.