Opinion filed September 25, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
25, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00118-CV 

                                                     __________

 

     JACQUELYN ELMORE,
INDIVIDUALLY AND AS REPRESENTATIVE

  OF THE ESTATE OF RON
ELMORE, DECEASED, AND INTERVENOR,

                                      RONNIE
ELMORE, Appellants

 

                                                             V.

 

                E.
SULLIVAN ADVERTISING & DESIGN, INC., Appellee

 



 

                                        On
Appeal from the 172nd District Court

 

                                                       Jefferson
County, Texas

 

                                                Trial
Court Cause No. E-171,096

 



 

                                             M E M O R A
N D U M  O P I N I O N

 








Jacquelyn
and Ronnie Elmore, the parents of Ron Elmore, filed a wrongful death action
against Heath Channing Hebert and his employer, E. Sullivan Advertising &
Design, Inc.  Hebert and his family were on their way to a Labor Day Music
Festival in Beaumont when Hebert missed a turn.  Hebert was in the process of
making a U-turn when Ron Elmore=s
motorcycle struck Hebert=s
Toyota Sequoia.  Ron subsequently died from his injuries.  The trial court
granted E. Sullivan Advertising=s
motion for summary judgment on the ground that Hebert was not acting within the
course and scope of his employment when the collision occurred.[1] 
We affirm.

Background
Facts

E.
Sullivan Advertising was a Beaumont advertising agency that had been hired by
Perfect Day Enterprises to handle the media advertising for the Labor Day Music
Festival.  Eric Sullivan, the president and owner of E. Sullivan, testified
that he had personally pursued the account by contacting Angela Baker of
Perfect Day Enterprises.

Hebert
testified that he was the business manager for E. Sullivan Advertising and that
it was his job to run the office, oversee internal employees, and handle the
finances and the books.  His responsibilities did not involve selling
advertising or the production and design aspects of the business.  It was not
part of his job to obtain clients or discuss with clients of E. Sullivan
Advertising whether they were happy with the firm=s
work.  Hebert was authorized to sign certain types of contracts on behalf of E.
Sullivan Advertising, and he did sign a contract to design laminated backstage
passes for the festival.

Eric
Sullivan testified that he was Hebert=s
supervisor, that Hebert was off work on that Labor Day, and that Hebert was not
under the supervision of anyone at E. Sullivan Advertising on that Labor Day. 
Eric Sullivan said that he had not directed any of his employees, including
Hebert, to go to the concert.  As it turned out, the other two employees of the
firm, Tish Kimball and Kari Riley, also went to the concert.  Sullivan went to
the concert by himself to hear the musical group ABad
Company,@ and his wife
was to join him later when the singer Tracy Byrd performed. 








 Hebert
testified that he was driving his own Toyota Sequoia when the accident
occurred.  Hebert was taking his wife and daughter to attend the Tracy Byrd
concert and Labor Day festival at Ford Park.  Hebert said it was his own idea
to go to the concert and festival.  Although he knew that Eric Sullivan planned
to go to the festival, he had no plans to meet Eric there.  Hebert stated that
he bought his own tickets during a lunch break a week before the accident. 
Hebert explained that E. Sullivan Advertising placed the media for the
event, but when the festival started on Labor Day, the firm=s work had been completed. 
The firm did not have any business or anything to do with the event itself.

Standard
of Review

A
movant for a traditional summary judgment has the burden to show that there are
no genuine issues of material fact and that it is entitled to summary judgment
as a matter of law.  Tex. R. Civ.
P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979).  An appellate court reviewing a summary judgment
must consider all the evidence in the light most favorable to the nonmovant,
indulging every reasonable inference in favor of the nonmovant and resolving
any doubts against the movant.  Goodyear Tire & Rubber Co. v. Mayes,
236 S.W.3d 754 (Tex. 2007).  Evidence that favors the movant=s position will not be
considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San
Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

Plaintiffs
who rely on the doctrine of respondeat superior to hold an employer liable have
the burden of proving at trial that the employee was acting within the course
and scope of his employment at the time of the accident.  Dunlap-Tarrant v.
Ass=n Cas. Ins.
Co., 213 S.W.3d 452 (Tex. App.CEastland
2006, no pet.); Soto v. Seven Seventeen HBE Corp., 52 S.W.3d 201, 204
(Tex. App.CHouston
[14th Dist.] 2000, no pet.); Mata v. Andrews Transp., Inc., 900
S.W.2d 363, 366 (Tex. App.CHouston
[14th Dist.] 1995, no writ).  However, a defendant moving for a traditional
summary judgment has the burden of establishing that, as a matter of law, the
plaintiff has no cause of action against the defendant.  The defendant may
carry that burden by conclusively negating one of the elements of plaintiff=s cause of action or by
establishing all elements of an affirmative defense to each claim.  Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  Once the
defendant movant presents evidence to establish his or her right to a summary
judgment, the nonmovant must come forward with evidence or law that precludes
summary judgment.  City of Houston, 589 S.W.2d at 678-79; Seelin
Med., Inc. v. Invacare Corp., 203 S.W.3d 867, 869 (Tex. App.CEastland 2006, pet.
denied).

Because
E. Sullivan Advertising moved for a traditional summary judgment, it had the
initial burden to establish that Hebert was not acting within the course and
scope of his employment at the time of the accident.  








Doctrine
of Respondeat Superior

The
essential elements of a negligence cause of action are (1) a legal duty owed by
one person to another, (2) a breach of that duty, and (3) damages proximately
caused by the breach.  Greater Houston Transp. Co. v. Phillips, 801
S.W.2d 523, 525 (Tex. 1990); Ginther v. Domino=s Pizza, Inc., 93 S.W.3d 300, 303 (Tex.
App.CHouston [14th
Dist] 2002, pet. denied).  The existence of a legal duty is the threshold
requirement.

Generally,
a person has no duty to control the conduct of another.  Otis Eng=g Corp. v. Clark, 668
S.W.2d 307, 309 (Tex. 1983).  Under the theory of respondeat superior, however,
an employer may be vicariously liable for the negligent acts of its employee if
the employee=s actions
are within the course and scope of his employment.  Mayes, 236 S.W.3d at
756.  An employer is liable for the tort of its employee only when the tortious
act falls within the scope of the employee=s
general authority in furtherance of the employer=s
business and for the accomplishment of the object for which the employee was
hired.  Id.; Minyard Food Stores, Inc. v. Goodman, 80 S.W.3d 573,
577 (Tex. 2002).  Thus, the employee=s
act (1) must be committed within the scope of the general authority of the
employee (2) in furtherance of the employer=s
business and (3) for the accomplishment of the object or purpose for which the
employee was hired.  Leadon v. Kimbrough Bros. Lumber Co., 484 S.W.2d
567, 569 (Tex. 1972); Robertson Tank Lines, Inc. v. Van Cleave, 468
S.W.2d 354, 357 (Tex. 1971); Bell v. VPSI, Inc., 205 S.W.3d 706, 715
(Tex. App.CFort Worth
2006, no pet.).

E.
Sullivan Advertising moved for summary judgment on the grounds that its
evidence negated the duty and breach of duty elements essential to the Elmores= claims.  In their
depositions, Hebert and Eric Sullivan testified to facts that demonstrated that
Hebert was not acting within the course and scope of his employment at the time
of the collision.  The trial court granted E. Sullivan Advertising=s motion.








The
Elmores raise two issues on appeal.  First, they argue that the trial court
erred when it struck the affidavit testimony of their expert, Holly DeLaune,
that the Elmores relied on to show that Hebert was acting in the course and
scope of his employment.  Second, they argue that the trial court erred in
granting the motion for summary judgment because E. Sullivan Advertising failed
to conclusively prove that Hebert was not acting within the course and scope of
his employment at the time of the collision and that there is a genuine issue
of material fact as to whether Hebert was acting within the course and scope of
his employment at that time.  

Analysis

E.
Sullivan Advertising=s
summary judgment evidence showed that it was closed for business on that Labor
Day; that Hebert was off work and did not have the authority to conduct any
business for E. Sullivan Advertising that day; that Hebert=s boss, Eric Sullivan, did
not direct or request Hebert to go to the concert or do anything on behalf of
the firm on that day; that Hebert=s
responsibilities with the firm did not include working with clients on their
events; that Hebert decided on his own to take his family to the concert and
festival; and that Hebert was driving his own car at the time of the accident. 
The evidence showed that Hebert=s
actions that day were not within his general authority, were not in furtherance
of his employer=s
business, and were not made for the accomplishment of the object or purpose for
which he was hired.  Therefore, E. Sullivan Advertising established its right
to a standard summary judgment by conclusively negating the duty element of the
Elmores= cause of
action against it.

The
burden then shifted to the Elmores to come forward with evidence or law that
would preclude summary judgment for E. Sullivan Advertising.  The Elmores
attempted to introduce the affidavit of DeLaune, an advertising executive and
partner with the firm of Erickson USA LP.  DeLaune stated that she had reviewed
the depositions of Eric Sullivan, Hebert, and Athe
exhibits relating to the promotion of the Labor Day Festival at Ford Park.@  She then concluded:

Based
on industry standards and practices with which I am familiar and have used in
my work, it would be imperative for Sullivan Advertising to have persons
present who could act on behalf of Sullivan Advertising at the Labor Day
Festival to ensure things run smoothly and vendors and customers would be
satisfied.

We have reviewed
the portions of those depositions and exhibits that were introduced as summary
judgment evidence.  The facts set forth in the uncontroverted testimony of
Hebert and Eric Sullivan do not support DeLaune=s
conclusions.  








The
Elmores state that DeLaune Awas
hired to review the issues and events of this case . . . to determine whether
or not, based on industry custom and practice, Heath Hebert was in the course
and scope of his employment.@ 
Despite the testimony of Hebert and Eric Sullivan that Hebert was off work that
day, that Hebert was not directed or requested to attend the concert and
festival, and that Hebert=s
employee responsibilities did not involve working with the firm=s clients, DeLaune
concluded that Hebert must have been going to the festival to Afacilitate or accomplish
the smooth running of the event, troubleshoot client concern and promot[e] . .
. client retention.@ 
That conclusion is not a reasonable inference from the facts testified to by
Hebert and Eric Sullivan.  The only basis for DeLaune=s conclusion was her assumption that she would
have attended the event for those purposes; therefore, Hebert must have done
so.  

When
an expert=s opinion is
based on assumed facts that vary materially from the actual, undisputed facts,
the opinion is without probative value.  Burroughs Wellcome Co. v. Crye,
907 S.W.2d 497, 499 (Tex. 1995).  DeLaune stated that her conclusions
concerning Hebert=s
duties were based on her knowledge of the media industry and her actual work of
promoting events.  DeLaune did not provide a reasonable basis for such an
assumption concerning industry custom and practice. It is unreasonable to
assume that all media contracts are the same and that all media firms undertake
the same responsibilities.  DeLaune did not show how E. Sullivan Advertising=s media contract with
Perfect Day Enterprises required E. Sullivan Advertising to have personnel
there on Labor Day Ato
troubleshoot,@ promote
the concert, or work with vendors.  DeLaune stated that Hebert was attending Aa Labor Day Festival that
was being promoted solely by his employer, Sullivan Advertising.@  The uncontroverted
testimony was that Perfect Day Enterprises was the promoter of the festival and
ran the event; E. Sullivan Advertising=s
role was to place the media, and its work had been completed when the event
began.








The
Elmores rely on Allbritton v. Gillespie Rozen, Tanner & Watske, P.C.,
180 S.W.3d 889 (Tex. App.CDallas
2005, pet. denied), a legal malpractice case.  However, the expert in Allbritton
based his conclusion on underlying facts.  Allbritton and a fellow employee had
sued their employer for breach of contract.  The jury found that the employer
had breached the contract but awarded no damages to Allbritton despite awarding
$4,000,000 to the other employee.  In the subsequent legal malpractice suit,
Allbritton=s expert
concluded that the former attorneys should have hired an expert witness to both
calculate and testify as to Allbritton=s
damages.  The expert explained the basis for his opinion, pointing out such
facts as Allbritton not having the background or education to calculate his
damages and having tried to use a methodology to calculate damages that was not
correct.  In contrast, DeLaune=s
conclusory opinions were not supported by underlying facts.  The trial court
did not err in excluding her affidavit.  

The
Elmores attempt to create a fact issue on course and scope of employment by
pointing out that Hebert was the business agent and could sign contracts on
behalf of E. Sullivan Advertising.  The Elmores=
burden was to show that Hebert was acting within the course and scope of
employment at the time of the accident.  Bell, 205 S.W.3d at 715. 
Stated another way, the Elmores had to show that E. Sullivan Advertising had
the right of control over Hebert=s
physical movements at the time of the accident.  Brown v. Am. Racing Equip.,
Inc., 933 S.W.2d 734, 735 (Tex. App.CSan
Antonio 1996, no writ); Graham v. McCord, 384 S.W.2d 897, 898-99 (Tex.
Civ. App.CSan Antonio
1964, no writ).  Hebert=s
status as business manager and his authority to sign contracts were not
sufficient evidence to raise a fact question on whether Hebert was acting
within the course and scope of employment at that time. 

 The
Elmores also argue that the question of whether an employee is acting within
the course and scope of his employment is usually a question of fact.  We
agree.  However, there needed to be some testimony of facts that contradicted
the facts as related by Hebert and Eric Sullivan.  Although the Elmores attempt
to draw an analogy between this case and this court=s opinion in Sw.-Tex. Leasing Co. v. Denise,
No. 11-99-00127-CV, 2000 WL 34235126 (Tex. App.CEastland
Aug. 3, 2000, no pet.) (not designated for publication), Denise
demonstrates what was missing from the Elmores=
summary judgment proof.








Denise
involved conflicting testimony as to the underlying facts; this case does
not have such conflicting testimony.  The trial court had granted Raylin Ann
Denise a partial summary judgment that Donnie Taylor was, as a matter of law,
in the course and scope of his employment with Advantage Rent-A-Car at the time
of Taylor=s collision
with Denise.  Denise=s
summary judgment evidence included an affidavit by Taylor that stated that he
had heard that the Advantage vehicle he was driving at the time of the accident
had brake problems, that he was test driving it to see if there were in fact
brake problems, and that that was part of his job.  Advantage attached an
affidavit sworn to by Donald Livesay, the manager of the Advantage location where
Taylor worked, to its response to Denise=s
motion for summary judgment.  Livesay stated that Taylor was a service agent,
that service agents were not authorized to test drive vehicles unless
specifically instructed to do so, and that Taylor had not been instructed to
test drive the vehicle.  Livesay also stated that no complaints had been made
concerning any problem with the vehicle.  Advantage also attached an affidavit
sworn to by the customer who had rented and returned the vehicle just prior to
the accident; he stated that he had no problems with the brakes.  Thus, the
summary judgment evidence in Denise contained conflicting testimony as
to the critical facts, and this court reversed and remanded for a new trial.

In
the case before us now, there was no testimony contradicting the facts as
related by Hebert and Eric Sullivan.  Even though they were interested
witnesses, their testimony was clear, positive, direct, otherwise credible, and
free from contradictions and consistencies and could have been readily
controverted.  See Trico Techs. Corp. v. Montiel, 949 S.W.2d 308, 310
(Tex. 1997).  The Elmores could have effectively countered their testimony by
opposing evidence if any existed.  The Elmores did not attempt to controvert
their testimony through additional deposition testimony, interrogatories, or
other discovery.  The depositions of Hebert and Eric Sullivan were competent
summary judgment evidence.

The
Elmores attempt to discredit their testimony by pointing out that Hebert and
Eric Sullivan were brothers-in-law.  That fact does not controvert their
testimony or mean that they were not truthful in their testimony.  The Elmores
also make a point that Eric Sullivan=s
children did not have tickets to the festival even though Eric testified that
he had purchased tickets.  Hebert also testified that he had purchased tickets
to the festival.  Whether the Sullivan children had free tickets to the
festival is not evidence that is relevant to a determination of whether Hebert
was within the course and scope of his employment at the time of the accident. 
Both of the Elmores=
issues are overruled.

This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

September 25,
2008

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J. 









[1]In addition to Heath Hebert and his wife, Aspen Hebert,
and E. Sullivan Advertising, the Elmores also sued a number of other
defendants.  The trial court granted summary judgments for all of the
defendants except the Heberts.  The court severed the claims against E.
Sullivan Advertising, and the Elmores filed this appeal from that final
judgment.