Affirmed and Memorandum Opinion filed June 25, 2009








Affirmed and Memorandum Opinion filed June 25, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00786-CV

____________

 

CHRISTUS HEALTH AND CHRISTUS HEALTH
GULF COAST,
Appellants

 

V.

 

KONE INC., Appellee

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 2005-49255

 



 

M E M O R A N D U M   O P I N I O N








Appellants Christus Health and Christus Health Gulf Coast
(collectively, AChristus@) appeal the trial
court=s order granting
summary judgment on Christus= fraud and fraud-in-the-inducement claims
relating to a contract for elevator-maintenance services.  In addition to
responding to Christus= appellate issues, appellee KONE Inc. (AKone@) has moved to
dismiss the appeal, arguing that it is moot because (1) the trial court=s judgment is
supported by an independent ground not challenged on appeal, and (2) Christus
has recovered from Kone all of the economic damages it claimed for fraud, and
therefore the trial court could not award damages on that claim.  We deny Kone=s motion to
dismiss and affirm the trial court=s judgment.

Factual and Procedural Background

In early 2002, Kone and Christus began negotiations for
Kone to maintain the elevators at Christus St. Joseph Hospital and Christus St.
John Hospital.  Tom Kautz, an assistant vice-president and regional sales
manager for Kone, was the only Kone representative involved in negotiating and
executing the contract with Christus.  In March 2002, the parties executed the
contract that is the subject of this appeal. 

The contract between Kone and Christus incorporated
representations that Kone made to Christus, including the following:

[Kone] and [Kone] Personnel have
the experience, skill and resources necessary to provide the Services
consistent with the terms and conditions of this Agreement, consistent with
industry standards and in a good and workman like manner.

The
contract also included specific references to Christus= reliance on Kone=s representations
when entering into the contract:

[Kone] hereby acknowledges that
[Christus] is relying on these representations as essential elements to this
Agreement, representing as they do, material inducements, without which
[Christus] would not have entered into this Agreement.








In August 2003, while the contract was in effect, Dr.
Hitoshi Nikaidoh, a surgical resident, was decapitated when the doors closed on
him as he entered an elevator at Christus St. Joseph Hospital.  Immediately
thereafter, Christus hired Persohn/Hahn Elevator Company to perform audits on
all of its elevators that Kone serviced under the contract.  According to
Christus, these audits identified necessary maintenance work that Kone was
obligated to perform under the contract which it had not done.  Christus
terminated the contract with Kone and hired ThyssenKrupp Elevator Company to
replace Kone and to provide elevator-maintenance services at Christus St.
Joseph Hospital and Christus St. John Hospital.

In July 2005, Christus sued Kone for fraud, breach of
warranty, and breach of contract, alleging that Kone materially breached the
elevator-maintenance contract in August 2003 by failing to properly maintain
the elevators.  In January 2007, Kone filed both a traditional and a
no-evidence motion for partial summary judgment on Christus= fraud claims.[1] 
Christus filed a combined response to Kone=s motions. 

On March 14, 2007, the trial court granted Kone=s motions on fraud
and fraud in the inducement.  By separate order, the trial court also granted
Kone=s special exceptions,
in which Kone argued that Christus= claim for
exemplary damages should be dismissed on the grounds that after the trial court
granted summary judgment in favor of Kone on Christus= fraud claims,
there were no claims remaining in Christus= pleadings that
would support an award of exemplary damages.

To recover attorney=s fees under
chapter 38 of the Texas Civil Practice and Remedies Code, Christus made a
written presentment to Kone in April 2007, seeking $2,146,549.75 in damages. 
Kone unconditionally tendered to Christus a cashier=s check for the
full requested amount.  Christus accepted the tender and the trial court signed
an order that Christus= acceptance of Kone=s tender
eliminated all remaining and pending claims.  In dismissing the remaining,
pending claims, however, the trial court expressly ordered that the dismissal
did not include any claims by Christus for the causes of action on which Kone
was granted summary judgment, including the fraud claims.

 

 








Analysis

I.        Kone=s Motion to
Dismiss

In its motion to dismiss and in its response brief on
appeal, Kone argues that the appeal is moot on two grounds:  (1) there is no
live issue regarding fraud; and (2) there is no live issue regarding fraud
damages.  We disagree and explain below.

A.      Fraud
Issue

Kone argues that Christus specifically limited its appeal
to the order granting Kone=s no-evidence motion for summary judgment
on Christus= fraud claim, and failed to challenge the trial court=s grant of summary
judgment on fraud in Kone=s traditional motion for summary
judgment.  Thus, Kone contends the appeal should be dismissed, or alternatively
the judgment should be affirmed, because the trial court=s judgment is
supported by an independent ground not affected by the appeal.  

In its second amended petition, Christus made the following
allegation of fraud:

Kone committed
fraud, including, but not limited to, Mr. Tom Kautz, during the contractual
negotiations with Christus.  Kone made false and material representations of
fact in promising to provide the necessary skill, experience, training and
resources to maintain the elevators under the contract.  At the time Kone made
such representations, it did not know they were true and did not care. 
Further, Kone intended that its material misrepresentations would be relied
upon by Christus, without which Christus would not have entered the contract. 
Indeed, Christus relied upon these representations to its detriment, resulting
in the injuries and damages set forth below.  Consequently, Kone is liable to Christus
for actual damages under a theory of common law fraud and exemplary damages
under Section 541.003(a)(1) of the Texas Civil Practice and Remedies Code.








Kone asserted different defenses to the fraud claim in its
no-evidence and traditional motions for summary judgment.  In its no-evidence
motion, Kone alleged that there was no evidence to support elements of either a
fraudulent-inducement claim or fraud Aduring the
contract.@  Kone=s traditional motion for summary judgment
alleged that the merger clause in the parties= contract[2]
precluded Christus= fraud-in-the-inducement claim.

The trial court granted summary judgment on both motions
for summary judgment, specifically ordering the following:

As a matter of
law, KONE Inc. is not liable to Plaintiffs on Plaintiffs[=] claims set out
in paragraph VII of Plaintiffs= 2nd Amended Petition re fraud and fraud
in the inducement as the Court grants the 166(a)(c) motion on the ground of
fraud due to representations at the time of the contract and the 166a(i) motion
on the grounds of fraud and fraud in the inducement.

Because
Christus did not appeal from the grant of summary judgment on its fraud claim
on the merger-clause ground, Kone contends that this ruling independently
supports the judgment.[3] 
But, although we agree that Christus appeals only the trial court=s grant of the
no-evidence motion for summary judgment, we disagree that, under these facts,
the trial court=s ruling on the merger clause
independently supports the trial court=s judgment.








Courts recognize claims of fraudulent inducement to enter
into a contract and fraud claims based on a representations made with no
intention of performing, whether or not the representation is later subsumed
into a contract.  See Formosa Plastics Corp. USA v. Presidio Eng=rs &
Contractors, Inc., 960 S.W.2d 41, 46 (Tex. 1998).  In certain circumstances,
the merger doctrine may apply to negate reliance on representations made during
negotiations that fraudulently induce a party to enter into a contract.  See
Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 177B81 (Tex. 1997); IKON
Office Solutions, Inc. v. Eifert, 125 S.W.3d 113, 126B28 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied).  Accordingly, in IKON Office Solutions, this
court distinguished between fraud claims based on certain representations made
before the contract at issue was executed, which it held were barred by the
merger doctrine, and claims based on representations that were ultimately
included in the contract.  See IKON Office Solutions, Inc., 125
S.W.3d at 128B32.

Here, Christus alleges that the representations Kautz made
to induce Christus to enter into the elevator-services contract were ultimately
incorporated into the contract itself.  Thus, even though the trial court ruled
that the merger doctrine barred any fraudulent-inducement claims based on
statements made before the contract was executed, this ruling does not
necessarily extinguish Christus= claims based on Kone=s representations
in the contract that it had Athe experience, skill and resources
necessary to provide the Services consistent with the terms and conditions of
this Agreement, consistent with industry standards and in a good and workman
like manner.@  Indeed, Kone acknowledged in the contract that
Christus was Arelying on these representations as essential elements
to this Agreement, representing as they do, material inducements,@ and without the
representations, Christus Awould not have entered into this
Agreement.@ 








Kone argues, however, that Christus= pleadings support
only a fraudulent-inducement claim, and not a fraud claim based on misrepresentations
in the contract.[4] 
Kone=s argument is
predicated on this sentence in Christus= petition: AKone committed
fraud, including, but not limited to, Mr. Tom Kautz, during the contractual
negotiations with Christus@ (emphasis added).  A party=s pleadings need
only provide Aa short statement of the cause of action sufficient to
give fair notice of the claim involved.@  Tex. R. Civ. P.
47; Tex. Dep=t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 230 (Tex. 2004).  A court should uphold a plaintiff=s petition as to a
cause of action that may be reasonably inferred from what is specifically
stated.  Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993).  In the
absence of special exceptions, Aa petition will be construed liberally in
favor of the pleader.@  Roark v. Allen, 633 S.W.2d 804,
809 (Tex. 1982); Stone v. Layers Title Ins. Corp., 554 S.W.2d 183, 186
(Tex. 1977).  








Here, Christus expressly states in its petition that its
fraud claim Aincludes, but is not limited to@ such
misrepresentations.  Thus, Christus= petition plainly
encompasses additional representations, including representations made in the
contract.  Moreover, Kone did not specially except to this alleged deficiency
or ambiguity in Christus= pleadings.  Therefore, we liberally
construe Christus= petition in its favor to include a claim
of fraud based on contractual representations.  See Stone, 554 S.W.2d at
186.  And, even if we were to find that Christus= pleading did not
support a fraud claim, we would conclude that the issue was tried by consent. 
Unpleaded claims or defenses that are tried by express or implied consent are
treated as if they had been raised by the pleadings, and any complaint about
variances between a party=s pleadings and summary-judgment briefing
cannot be raised for the first time on appeal.  See Roark v. Stallworth Oil
& Gas, 813 S.W.2d 492, 495 (Tex.1991).  Below and in its appellate
brief, Christus argues that summary judgment was improper because it raised
more than a scintilla of evidence to support a fraudulent-inducement claim
based on misrepresentations Kone made in the contract itself, as well as
misrepresentations Kone made before the contract was executed that were
ultimately adopted in the contract.  Kone did not object to any alleged
variance between Christus= pleadings and its summary-judgment
response.  Therefore, Kone tried the fraud claim based on representations made
in the contract by consent and may not complain of any alleged pleading
deficiencies for the first time on appeal.  See Roark, 813 S.W.2d at
495.

Therefore, we reject Kone=s argument that
the trial court=s ruling on the merger clause
independently supports the trial court=s judgment and
renders Christus= appeal moot.

B.      Fraud
Damages

Kone next argues that Christus= appeal is also
moot because AChristus has recovered one-hundred percent of its
claimed economic damages for fraud, and therefore the trial court could not
award damages on the fraud claim.@  Specifically,
Kone contends that Christus sought economic damages for its fraud claim
totaling $2,146,549.75, the same amount and categories of damages it sought for
its breach-of-contract claim.  After the trial court granted Kone=s motions for
summary judgment on Christus= fraud claim, Kone tendered, and Christus
accepted, a check for the full amount of these damages.  Thus, Kone contends,
there is nothing left for Christus to recover.  In support of its contention,
Kone relies on the one-satisfaction rule, citing Tony Gullo Motors I, L.P.
v. Chapa, 212 S.W.3d 299, 303B04 (Tex. 2006),
and argues that the appeal is moot because Christus= damages have Aceased to exist.@  See Spera v.
Fleming, Hovenkamp & Grayson, P.C., 25 S.W.3d 863, 874 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (stating that Auncertainty as to
the fact of legal damages is >fatal to recovery=@) (citing McKnight
v. Hill & Hill Exterminators, Inc., 689 S.W.2d 206, 207 (Tex. 1985)). 
Again, however, we disagree.








Under the one-satisfaction rule, a successful litigant is
required to elect between remedies so that she does not receive more than one
recovery for the same injury.  Chapa, 212 S.W.3d at 303.[5] 
The Chapa court recognized that even though the successful plaintiff was
limited to one recovery, she was Aentitled to
recover on the most favorable theory the verdict would support.@  Id. at
314.  Moreover, she was not required to make that election Auntil she knows
her choices.@  Id.  Thus, in Chapa, the circumstances
involved a successful litigant who prevailed on several theories at trial and
so was entitled to choose the most favorable remedy to compensate her for her
injuries.  In contrast to Chapa, Christus has not had the opportunity to
choose the most favorable remedy for its alleged injuries because the trial
court granted summary judgment on its fraud claim.  Therefore, Chapa is
distinguishable and the one-satisfaction rule does not render the appeal moot.

Moreover, should Christus succeed on its fraud claim, it
may be entitled to alternative remedies, including economic damages in tort and
exemplary damages, rather than the economic damages and attorney=s fees available
for breach of contract.  See Chapa, 212 S.W.3d at 304.  Under Texas law,
tort damages are recoverable for fraudulent representations, even when those
representations cause only economic loss.  See Formosa Plastics Corp.,
960 S.W.2d at 47.  Kone does not dispute that Christus has not yet recovered
any tort damages resulting from Kone=s alleged fraud.[6] 
Therefore, should Christus= fraud claim be remanded to the trial
court, a live issue would exist concerning its potential tort damages. 








Further, a party may recover exemplary damages for fraud.  See
Formosa, 960 S.W.2d at 47.  Christus has not received any exemplary damages
from Kone.  Kone, however, contends that even if Christus=s fraud claim is
remanded, Christus would not be entitled to exemplary damages in addition to
actual damages.  Specifically, Kone contends that the trial court, by separate
order, granted Kone=s special exceptions as to Christus=s
exemplary-damages claim and struck Christus=s pleadings
seeking exemplary damages, and because Christus failed to raise an issue or
provide any argument challenging the trial court=s
special-exceptions order, it has waived any error as to that order.  Kone cites
several cases for the general proposition that a party may waive a complaint on
appeal by failing to raise the complaint in its statement of the issues or in
the body of its brief.

In this circumstance, however, we are guided by the supreme
court=s recent decision
in Perry v. Cohen, 272 S.W.3d 585 (Tex. 2008) (per curiam).  In that
case, the supreme court reversed a court of appeals= holding that the
plaintiffs waived error as to the merits of an order sustaining special
exceptions when they did not separately challenge the order on appeal, and held
that it was sufficient that the plaintiffs challenged the merits of the
special-exceptions order in the body of its brief.  Id. at 586.  In that
case, although the plaintiffs did not specify that they were challenging the
trial court=s interlocutory order granting special exceptions, the
bulk of the plaintiffs= briefing on their first issue challenged
the basis for the trial court=s special-exceptions orderCthat the trial
court=s dismissal of
their causes of action for failing to comply with the order granting special
exceptions was error.  See id. at 587.  As the supreme court explained,
the plaintiffs were Aentitled to reversal of the trial court
order dismissing their clauses of action for failing to comply with the order
granting special exceptions if the order granting special exceptions was
improper.@  Id.








Here, the sole basis for Kone=s special
exceptions on exemplary damages was that Athere is no claim
in [Christus=] lawsuit that would support the award of exemplary
damages.@  The trial court=s order granting
the special exceptions was issued after the trial court=s summary-judgment
rulings on Christus= fraud claim.  Fraud was the only cause of
action Christus advanced that would support the recovery of exemplary damages. 
Thus, at the time the court granted Kone=s special
exceptions, its order was proper under the circumstances.  But if summary
judgment was not proper on Christus= fraud claim, no
basis existed for the subsequently granted special exceptions.

In its opening brief, Christus argues in detail that the
trial court erred in granting summary judgment on Christus= fraud claim.  As
in Perry v. Cohen, therefore, Christus has challenged the merits of the
trial court=s special exceptions order, as it challenged the sole
substantive ground for the order.  See id.  Our conclusion also is
consistent with the Perry court=s admonition that Adisposing of
appeals for harmless procedural defects is disfavored@ and Aappellate courts
should reach the merits of an appeal whenever reasonably possible.@  Id. 
Accordingly, if Christus were to prevail on its fraud claim, a live issue would
exist concerning exemplary damages.   

For the foregoing reasons, we conclude that Christus= appeal is not
moot and we deny Kone=s motion to dismiss the appeal for want of
jurisdiction.

II.       The
Trial Court=s Order Granting Kone=s No-Evidence
Motion for Summary Judgment








We now turn to the merits of Christus= appeal. 
Specifically, Christus contends that the trial court erred in granting Kone=s no-evidence
motion for summary judgment because it raised more than a scintilla of evidence
on the elements of fraud.  In its no-evidence motion for summary judgment, Kone
asserted that Christus had no evidence to support the following elements of
fraud: (1) Kone made misstatements of material fact; (2) Kone knew the
misstatements of material fact were false at the time they were made or
asserted the statements without knowledge of their truth; (3) Kone intended
Christus to rely on misstatements of material fact; and (4) Christus relied to
its detriment on misstatements of material fact.[7] 
On appeal, Christus contends it has presented more than a scintilla of evidence
on all of the elements of fraud; however, Kone responds to Christus= arguments concerning
the first two elements only.  

A.      Standard
of Review

A trial court must grant a no-evidence motion for summary
judgment if: (1) the moving party asserts that there is no evidence of one or
more specified elements of a claim or defense on which the adverse party would
have the burden of proof at trial; and (2) the respondent produces no
summary-judgment evidence raising a genuine issue of material fact on each of
the challenged elements.  See Tex. R. Civ. P. 166(a)(i).  We review a
no-evidence summary judgment for evidence that would enable reasonable and
fair-minded jurors to differ in their conclusions.  Hamilton v. Wilson,
249 S.W.3d 425, 426 (Tex. 2008) (citing City of Keller v. Wilson, 168
S.W.3d 802, 822 (Tex. 2005)).

B.      Evidence
that Kone Made Misstatements of Material Fact








As evidence that Kone made misstatements of material fact,
Christus points to that portion of the elevator-services contract in which Kone
represented that it had Athe experience, skill and resources
necessary to provide the Services consistent with the terms and conditions of
this Agreement, consistent with industry standards and in a good and workman
like manner.@  To raise an issue that this representation was
false, Christus relies on the affidavit of Mr. Zach McCain, Christus= retained elevator
maintenance expert.  McCain opined that Kone=s elevator
maintenance personnel Alacked the experience, skill, or resources
necessary to provide services consistent with the terms and conditions of that
maintenance contract, consistent with industry standards, or in a good and
workmanlike manner.@ Christus maintains that this evidence is
sufficient to raise a fact issue on this element of fraud.  In response, Kone
contends that McCain=s affidavit is conclusory, a sham
affidavit, and not timely provided, and that the trial court erroneously
overruled Kone=s objections on these grounds.  We review a trial
court=s evidentiary
decisions by an abuse-of-discretion standard.  Nat=l Liab. & Fire
Ins. Co. v. Allen, 15 S.W.3d 525, 527B28 (Tex. 2000).  

Assuming for purposes of discussion that the alleged
misstatements Christus relies on were material, we nevertheless agree with Kone
that the McCain affidavit is conclusory because it fails to set out the basis
for his opinions.  Additionally, McCain does not opine that Kone=s alleged
misstatements of material fact were made at the time the parties entered into
the contract.  After noting that he reviewed the audits performed by
PersohnHahn and Kone and the work items performed by Thyssen Krupp in 2003 and
2004, McCain states in relevant part:

Based on reviewing those documents,
among others, I have formed the opinion that the elevator maintenance personnel
assigned by Kone to perform Kone=s obligations
under the 2002 Elevator Maintenance Agreement lacked the experience, skill or
resources necessary to provide services consistent with the terms and
conditions of that maintenance contract, consistent with industry standards, or
in a good and workmanlike manner.

Although
McCain states in his affidavit that he has reviewed audits and work items
performed by another contractor, he says nothing about the basis for that
opinion; how those audits and work items revealed to him that Kone=s personnel lacked
the experience, skill, or resources to perform the elevator services at the
time the parties entered into the contract; what experience, skill, or
resources were needed; or how the audits and the lack of experience, skill, or
resources related to the accident.  








Conclusory statements in an affidavit unsupported by facts
are insufficient to defeat summary judgment.  CA Partners v. Spears, 274
S.W.3d 51, 63 (Tex. App.CHouston [14th Dist.] 2008, pet. denied);
1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital, 192
S.W.3d 20, 27 (Tex. App.CHouston [14th Dist.] 2005, pet. denied)
(citing Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997)).  A
conclusory statement is one that does not provide the underlying facts to
support the conclusion.  Id. (citing 1001 McKinney Ltd., 192
S.W.3d at 27); see also Earle v. Ratliff, 998 S.W.2d 882, 890 (Tex.
1999) (stating that a witness=s affidavit is conclusory if it fails to
explain the basis of the witness=s statements to
link his conclusions to the facts).  Further, a conclusory statement of an
expert witness is insufficient to create a question of fact to defeat summary
judgment.  See McIntyre v. Ramirez, 109 S.W.3d 741, 749B50 (Tex. 2003) (citing
Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996) (per
curiam); see also Wadewitz, 951 S.W.2d at 466 (AConclusory
statements by an expert are insufficient to support or defeat summary judgment.@).

We conclude that McCain=s affidavit is
nearly identical in key respects to the affidavit considered by the supreme
court in Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991) (per
curiam).  In Anderson, an attorney sued for malpractice moved for
summary judgment supported by his own affidavit, which stated in substance:

I have reviewed the Plaintiff's
Original Petition, my file and the relevant and material documents filed with
the Court, and it is clear that I acted properly and in the best interest of
Mrs. Jimmie F. Anderson when I represented her, and that I have not violated
the [DTPA].  I did not breach my contract with Mrs. Jimmie F. Anderson, and
have not been guilty of any negligence or malpractice.  Mrs. Jimmie F. Anderson
has suffered no damages or legal injury as a result of my representation of
her.

Id. at 54.  The
supreme court held that this affidavit was Awholly conclusory@ and would not
support a summary judgment.  Id. at 55.  








Christus attempts to distinguish Anderson on the
basis that in that case, the challenged affidavit merely referenced general
documents and did not provide a list of items to support his allegations. 
Here, Christus contends, McCain Adid not summarily
review general documents and simply conclude that Kone had committed fraud in
the inducement@; rather, Abased on specific
documents detailing the many deficiencies in Kone=s work and his
experience,@ he determined that Kone Alacked experience,
skill, resources, and training to perform elevator maintenance services.@  Christus also
contends that McCain=s affidavit is sufficient because it
provides a Areasoned basis@ for his opinion. 
See Allbritton v. Gillespie, Rozen, Tanner & Watsky, P.C.,
180 S.W.3d 889, 893 (Tex. App.CDallas 2005, pet. denied).

We are not persuaded by Christus=s proffered
distinction.  In his affidavit, McCain states no more than he has considered
the relevant facts and concluded that Kone=s personnel lacked
the required experience, skills, or resources to perform the services. 
Significantly, he does not explain why Kone=s personnel lacked
the required experience, skills, or resources to perform the services, who
these personnel were, when the personnel lacked the experience (whether at the
time the contract was executed or at the time of the accident), what
experience, skill, or resources the personnel lacked, what the applicable
industry standards were, or what experience, skill, or resources were necessary
to perform the services in a good and workmanlike manner.  Moreover, McCain=s affidavit is
easily distinguished from those at issue in Allbritton.  In that case,
the experts= affidavits not only included a list of the documents
reviewed and their ultimate conclusions, they also listed the underlying bases
for their opinions.  See id. at 892B94.  In contrast,
McCain failed to supply any reasoned basis for his conclusions, and without
more, a reasonable person is left only to speculate about the factual basis for
his conclusions.  Therefore, we conclude that the McCain affidavit is
conclusory and fails to raise a genuine issue of material fact concerning
whether Kone made misstatements of material fact at the time the parties
entered into the contract.








In its reply brief, Christus argues that even if this court
determines that McCain=s affidavit is conclusory, Christus
provided other summary-judgment evidence independently establishing the same
facts.  Specifically, Christus points to (1) the contract setting out Kone=s representations
and providing that they were Amaterial inducements,@ (2) ThyssenKrupp
work tickets that identified numerous items that Kone failed to do, and (3)
Persohn/Hahn audits that identified additional deficiencies in Kone=s elevator
maintenance services.  We have assumed that representations in the contract
were material, but without McCain=s affidavit, there
is no evidence raising a fact issue that they were false.  And the two other
exhibits Christus identifies do not fill that void.  The AThyssenKrupp work
tickets@ are invoices for
work Thyssen/Krupp performed on Christus=s elevators
between September 2003 and June 2004.  These invoices do no more than
demonstrate that the elevators required maintenance and service during that
time period.  They do not raise a fact issue concerning whether Kone made
misrepresentations about its personnel=s experience,
skills, or resources to perform the services at the time the contract was
executed in 2002.  Similarly, the exhibit identified as Persohn/Hahn audits
consists of what appears to be an evaluation of each of Christus=s elevators in
August 2003.  The documents identify the specific elevators by number and
description, and contain a chart reflecting each elevator=s Aoperating
Conditions and Performance@ and listing the AItems to be
corrected.@  But this exhibit does not include any summaries or
other explanatory information concerning what they reflect, nor does it include
any criticisms of Kone.  Reviewing these documents in the light most favorable
to Christus, we conclude that they do not raise a fact issue concerning whether
Kone made misstatements of material fact to Christus.

Therefore, we overrule Christus= issue.

Conclusion

We overrule Christus= issue and affirm
the trial court=s judgment.

 

 

/s/      Jeffrey V. Brown

Justice

 

Panel consists of
Justices Anderson, Frost, and Brown.      









[1]  Kone raised other grounds for partial summary
judgment in its motions, but the trial court denied these and they are not
relevant to this appeal.





[2]  The contract=s
merger clause provided as follows:  AEntire
Agreement.  This Agreement and any
exhibits supersede any previous contracts between the parties and constitute
the entire agreement between the parties.  Both parties acknowledge that any
statements or documents not specifically referenced and made a part of this
Agreement shall not have any effect.@





[3]  Christus initially argues that the trial court did
not grant summary judgment on the merger clause, but instead granted summary
judgment based on Arepresentations at the time of the contract@ which Christus contends is a Aseparate and mutually inconsistent ground@ from the merger doctrine.  Christus points out that Amerger@ is not
mentioned in the trial court=s order, and
because the merger doctrine applies to representations made prior to the time
of the contractCnot Aat the time of
the contract@ as the trial court stated in its orderCthe trial court=s
stated ground is separate and distinct from the merger doctrine.  Thus,
Christus contends, there was no reason for it to conclude that the merger
doctrine was an issue on appeal because the trial court=s language gave it no notice that the merger doctrine
was a basis for any summary-judgment ruling.  However, we do not read the trial
court=s order so narrowly.  The merger doctrine was the only
argument Kone directed to Christus=
fraud claim in its traditional motion for summary judgment, and although the
language the trial court used may have been imprecise, it is evident that the
trial court intended to grant the traditional summary judgment on this ground. 
We therefore reject Christus= contention
that the trial court never ruled on the applicability of the merger doctrine.





[4]  Kone makes this argument in its appellee=s brief rather than its motion to dismiss, but frames
it as a basis for dismissing Christus=
fraud claim, contending that AChristus is not
entitled to the relief it requests before this Court because there were no
pleadings to support this relief in the trial court.@  Therefore, we address this argument in this section
of our opinion. 





[5]  Christus contends it has suffered separate and
distinct injuries from Kone=s alleged fraud
and breach of contract and distinguishes Chapa on this basis.





[6]  Kone does argue that the appeal is moot because
Christus introduced evidence of only economic fraud damages at the
summary-judgment stage.  At this stage, however, Christus was not required to
produce evidence of every potential element of damages to survive summary
judgment.  See Mack Trucks v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006)
(holding that once a party files a no-evidence motion for summary judgment
under Rule 166a(i), the nonmoving party need only Apresent evidence raising an issue of material fact as
to the elements specified in the motion@). 
Here, Christus produced more than a scintilla of evidence of its economic
damages, which was all that was required.   





[7]  Both parties agree that the elements of a fraud
claim are (1) a material misrepresentation, (2) that was either known to be
false when made or was asserted without knowledge of its truth, (3) which was
intended to be acted upon, (4) which was relied upon, and (5) which caused
injury.  See Dow
Chem. Co. v. Francis,
46 S.W.3d 237, 242 (Tex. 2001).  Kone did
not challenge the fifth element, injury, in its no-evidence motion for summary
judgment.